UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| JOSEPH JOHNSON, | : | |
| --- | --- | --- |
| Petitioner, | : | Civ. No. 17-8106 (KM) |
| v. | : | **MEMORANDUM AND ORDER** |
| STEVEN JOHNSON, | : | |
| Respondent. | : | |

Petitioner, Joseph Johnson, is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his original petition, petitioner signed a *Mason* notice, wherein he declared "under penalty of perjury that [he had] been notified that [he] must include in this petition all grounds for relief from the conviction or sentence that [he] challenged." (DE 1 at 17.) Respondent, Steven Johnson, has filed a response to the petition, and petitioner filed a reply to that response. (DE 7, 8.)

After filing his reply brief, petitioner filed a letter indicating that he still had a second petition for post-conviction relief ("PCR") pending before the state courts. (DE 9.) He subsequently filed a motion to amend his habeas petition which is presently before the Court. (DE 10.) Petitioner's three-page declaration in support of his motion recites the history of petitioner's PCR proceeding and then asserts, "That petitioner wish[es] to expand his petition to add a Ground Two newly discovered evidence that has been fully exhausted." (*Id.*) Petitioner provides no information about the nature of this claim other than to assert that he "received newly discovered video evidence that supported petitioner's innocence." (*Id.* ¶ 15.) Respondent has not opposed the motion.

Under 28 U.S.C. § 2242, a motion to amend a habeas petition is governed by Federal Rule of Civil Procedure 15.[1] *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15; *see also Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 236 (3d Cir. 2017) (applying Rule 15 in habeas proceeding). Once a party's time to amend as matter of course under Rule 15(a)(1) has elapsed,[2] an amendment requires leave of the Court. Fed. R. Civ. P. 15(a). Rule 15 directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, petitioner fails to demonstrate that justice requires granting him leave to amend because he provides no description of the claim he apparently desires to add. Indeed, his declaration in support of the motion includes only two sentences regarding the amendment, which no more than hint at a claim in some way concerning purportedly newly discovered video evidence. (*See* DE 10 ¶¶ 14–15.) Without some more substantive description of a proposed amendment, the Court has no basis to determine whether leave to amend is justified. Furthermore, petitioner's motion falls well short of the Local Civil Rule's requirements for a motion for leave to amend. Local Civil Rule 15.1 requires such a motion to include a copy of the proposed amended pleading and "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading it proposes to amend."[3] L. Civ. R. 15.1(a).

---

[1] Additionally, Rule 12 of the Rules Governing § 2254 Cases states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing § 2254 Cases, foll. 28 U.S.C. § 2254. The Rules Governing § 2254 Cases contain no specific provision regarding amendment.

[2] A party may amend a pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). As petitioner did not file his motion to amend until nearly a year after respondent answered the original petition, there is no basis to permit amendment as a matter of course. (*See* DE 6 & 10.)

[3] I additionally note that any new habeas claim asserted by petitioner may run up against timeliness problems under the AEDPA one-year limitations period. Such problems could potentially be solved if the new claim relates back to the original pleading. *See Wilkerson*, 871 F.3d at 236–37. Without a description

2

Accordingly, I will deny petitioner's motion to amend without prejudice to the filing of a renewed motion to amend that includes a description of the proposed amendment sufficient for the Court to assess whether justice requires granting leave to amend. Petitioner must file any additional motion to amend his petition within 45 days of the entry of this order. If the Court receives no motion to amend within that time, it will rule on the habeas petition as filed.

Therefore, IT IS this 16th day of September, 2019

ORDERED that petitioner's motion to amend his petition, (DE 10), is hereby denied without prejudice to the filing of a renewed motion to amend that includes a description of the proposed amendment sufficient for the Court to assess whether justice requires granting leave to amend; and it is further

ORDERED that petitioner must file any renewed motion to amend his petition within 45 days of the entry of this memorandum and order; if no additional motion to amend is received within this time, the Court will decide the original habeas petition based on the filings presently before it; and it is further

ORDERED that the Clerk shall serve this memorandum and order upon petitioner by regular U.S. mail.

KEVIN MCNULTY
United States District Judge

---

of the proposed new claim, however, the Court lacks any basis to determine whether relation back may be proper.

3